[No. 512.   August 14, 1893.]

LUIS HUNING, PLAINTIFF IN ERROR, v. NICODEMUS CHAVEZ, DEFENDANT IN ERROR.

TRESPASS DE BONIS ASPORTATIS—PLEAS, GENERAL ISSUE, JUSTIFICATION AND LICENSE—MITIGATION OF DAMAGES—EVIDENCE—INSTRUCTIONS. In an action for damages for the wrongful taking away of plaintiff's sheep, which had become intermingled with defendant's sheep, where the defendant pleaded the general issue, and by special pleas of justification and license; and there was evidence offered to sustain these pleas; that defendant had driven the sheep away to separate them, and shear his own; that plaintiff was only a special owner, and had been notified of the taking away of the sheep, but made no attempt to regain them, and refused to have anything to do with them; but that the general owner did demand them, through his agent, and received one thousand, two hundred and seventy-four head and some lambs, which were credited to the plaintiff,—the matter ought to have been submitted to the jury under proper instructions.

2. In such case, evidence in mitigation of damages was admissible not only under the special pleas, but also under the general issue, and the court erred in failing to instruct the jury on that question upon such evidence.

ERROR, from a judgment for plaintiff, to the Fifth Judicial District Court, Socorro County. Judgment reversed, SEEDS, J., dissenting.

The facts are stated in the opinion of the court.

WARREN, FERGUSSON & BRUNER for plaintiff in error.

NEILL B. FIELD for defendant in error.

FALL, J.—Plaintiff below, defendant here, by his declaration, seeks to recover for the wrongful taking of three thousand, one hundred head of sheep by defendant, and asks damages in the sum of $6,000. Defendant below, plaintiff here, pleads the general issue. Verdict for plaintiff. Damages, $4,589.50, being in full for all the sheep at $1.25 per head. Plaintiff in error assigns many errors, but relies upon failure of court to instruct upon the question of mitigation of damages upon evidence under the general issue, as well as refusal to instruct upon the special pleas, and as to special interest of defendant in error, and in mitigation of damages under special pleas.

Evidence was offered tending to show license, as well as justification, it being indeed admitted that the

TRESPASS de bonis asportatis: pleas, general issue, justifica- tion, license: evi- dence: instruc- tions.

sheep of plaintiff and defendant had become intermingled, and that defendant drove all the sheep to Los Lunas, to separate them, and shear his own; that plaintiff was a special owner, Charles W. Lewis being general owner; that plaintiff was notified of the driving, went to Los Lunas, but did not attempt to regain his sheep, and refused to have anything to do with them; but that Lewis, the general owner, did demand,

through his brother and agent, Jose Lewis, the return of the sheep, and received one thousand, two hundred and seventy-four head and some lambs, which he credited to the special owner, defendant here. The pleas of justification and of license, as pleaded specially, were proper pleas, and, evidence having been given to sustain these pleas, the matter should have been submitted to the jury, under proper instructions. 1 Suth. Dam. 244, et seq.; Dow v. Humbert, 1 Otto (U. S.), 294; 1 Suth. 255; 2 Hill, Torts, 83, 84, 86; 1 Add. Torts, secs. 529, 531, 536.

Evidence in mitigation of damages could not only be given under the special pleas, but also under the general issue, and is a proper subject for consideration for the jury; and, it having been shown that the sheep had become intermingled, it was proper for the jury to say upon the evidence, whether the defendant was justified in driving the sheep to Los Lunas to separate them, and also as to whether the plaintiff used proper diligence in reducing the amount of damages as much as possible. Certainly, this evidence was proper in mitigation of damages. It appears to be a harsh rule that would require that defendant, finding his property commingled with that of another, and driving it all off, admitting the trespass, should not be allowed, under instructions, the benefit of evidence showing want of malice on his part, negligence on part of plaintiff, necessity for his action, and even custom; and when such evidence is given, as was done in this case, the jury should have been allowed to consider it in mitigation. This proposition appears to us to be unquestionable, and needs no authority except good sense and common justice to sustain it. In argument, counsel for plaintiff claims that defendant could not so mitigate damages because he had no right to seize his own sheep, they being in possession of the special owner,

MITIGATION of damages: evidence: instructions.

Padilla. This contention is not borne out by the evidence, for though, under objection of plaintiff, defendant was not allowed to prove his contract with the special owner, he does swear that under that contract he had a right to drive his sheep, and this is uncontradicted. Under the instructions given, and by refusal of those asked, the jury was not allowed to take into consideration the fact that one thousand, two hundred and seventy-four head of the sheep, taken by defendant, in which plaintiff had special property, while Lewis was general owner, were turned over by defendant to Lewis, and by him credited to plaintiff on his account. There is a difference of opinion between plaintiff and Jose Lewis, agent for the general owner, as to whether, at the time of the trespass, the sheep were all to have been turned over to Lewis. But in 2 Sedg. Dam. 526, note a, it is said: "The fact that property taken by a trespasser has been appropriated to the owner's use by his consent, express or implied, goes in mitigation." See, also, 1 Suth. Dam. 210.

It is claimed that plaintiff was not obliged to go to Los Lunas after his sheep, but that it was the duty of defendant to return them to the place from whence taken. This may be true. It may be that defendant should be compelled to pay for the additional damage done by his failure to so return the sheep; but the sheep having commingled, it being necessary to separate them, does not the fact that plaintiff failed to take any steps whatsoever to regain the property himself, but calmly waited until the general owner made a demand upon defendant, show an implied assent, at least, to the taking by Lewis? In Montgomery v. Wilson, 48 Vt. 616, it was held that where defendants had driven off plaintiff's cattle, and, while in their possession, the same were seized by attachment, defendants were only responsible for damages up to the time of such seizure, although the attaching officer

may not have afterward proceeded legally with the property. In trespass de bonis asportatis, the defendant may prove in mitigation of damages that the goods did not belong to the plaintiff, and that they have gone to the use of the owner, although, in taking them, the defendant acted without authority. Squire v. Hollenbeck, 9 Pick. 551; also, City of Lowell v. Parker, 10 Metc. (Mass.) 309; Kaley v. Shed, Id. 317. This doctrine is recognized and affirmed in Criner v. Pike, 2 Head (Tenn.), 401. The true rule would seem to be that where a stranger to the title seeks, in mitigation of damages, to show that the owner has the property, he must also show that he acted in good faith, or at least that he was not in collusion with the owner to forcibly deprive the person in possession of the property. Certainly, it should be for the jury to decide whether he has shown this; and, if so, then his defense should be considered in mitigation, particularly when it is shown, as in this case, that the trespasser was seeking to recover his own property upon a common grazing ground, and that the trespass was necessarily committed in so recovering his own. Of course, the aggravation, or increase of damages by the taking of the sheep to Los Lunas instead of Pa Jarito or Isleta, was for the jury to consider; but we can not agree with the defendant in error that the instructions given on his behalf (numbers 3 and 5), and of the court's motion (numbers 2, 3, and 4), embodied the law, as applicable to this cause. The court erred in giving the instructions named above, and further erred in refusing to give the instructions asked by the defendant. It is admitted by counsel that the record here showing instruction number 5 given of court's motion, identical with number 2 asked by defendant below, is erroneous, and that said instruction was not given, but refused. Defendant in error contends that the instructions given by the court were not excepted

to as a whole.  The record shows that each was excepted to.  Defendant in error further contends that seriatim exceptions should have been taken to the refusal to give instructions asked by the defendant. The law of this territory requires that the court should instruct the jury as to all the law of the case; but it is not necessary for us to go further, as the instructions asked and refused embodied the law, as we find it applicable to the case before us, as far as they went. The judgment must be reversed, and the cause remanded.

O'BRIEN, C. J., and LEE, J., concur.   SEEDS, J., dissents.

FREEMAN, J., did not sit in this cause.